## Deposit Bank of Smiths Grove v. Kirby, et al.

(Decided May 18, 1917.)

### Appeal from Warren Circuit Court.

1. Assignments for Benefit of Creditors—Action to Settle Estate—Creditors.—Under sections 436 and 438, Civil Code, where an action is brought by an assignee or a creditor or creditors, who hold one-fourth of the liabilities of the assignor of an assigned estate, for the benefit of the creditors, generally, an order may be made enjoining all creditors from prosecuting actions against the assignee or to enforce liens upon the assigned estate, except in the suit for the settlement of the estate.

2. Assignments for Benefit of Creditors—Receiver for Assigned Estate.—A receiver should not be appointed for the assigned estate of an assignor for the benefit of creditors, where the assignee is in the possession of the property, and there exists no valid reason why the assignee can not and will not faithfully preserve and administer the property, and perform the orders of the court with reference to same.

W. B. GAINES for appellant.

SIMS, RODES and SIMS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing judgment of June 2nd, 1916, and affirming judgment of April 14th, 1916.

On March 10th, 1916, R. L. Hudson and Lula C. Hudson, his wife, executed to J. R. Kirby, a deed of assignment, by which they conveyed to him all of their property for the benefit of their creditors. The deed was duly recorded, and the assignee named in the deed qualified in the county court by the execution of the necessary bond and took the oaths provided by law. Under the orders of the county court, the assignee then proceeded to administer the assigned estate, causing the estate to be appraised and filing the inventories of the estate, as

required by law. On March 17th, an order was entered in the county court, by which the assignee was directed to sell all the personal estate and, also, the real estate, but providing that in the event the real estate, which consisted of a farm, should not sell for as much as eleven thousand dollars, the aggregate of the debts, which were secured by liens upon the farm, that the sale should be rejected. The assignee in due time made sale of the personal property, but failed to sell the real estate, because no one would offer for it as much as eleven thousand dollars.

Among the creditors of the assignor was the appellant, the Deposit Bank of Smith's Grove, which held a debt against him for several thousand dollars and secured by a lien upon the farm, which had been conveyed to the assignee by the assignor. H. T. Bowles was another creditor in the sum of several thousand dollars, and his debt was secured by a prior lien upon the farm. On the 7th day of April, 1916, the appellant filed its suit in the Warren circuit court, making the assignor and assignee and H. T. Bowles, parties to its suit as defendants. Thereafter, on April 10th, 1916, the assignee filed a suit in the Warren circuit court to settle the assigned estate, making the appellant, Bank, and, the other lien creditors, parties defendants. At the same time, without notice to the bank, a restraining order or injunction was granted by the judge of the Warren circuit court, by which the Bank and all other creditors were enjoined from bringing or maintaining separate actions for the enforcement of their debts, as provided by section 436 of the Civil Code. Notice was given by the appellant in the suit, which it had filed, of its purpose, on the 14th day of April, to move the court for the appointment of a receiver to take charge of the assigned real estate and let it to rent for the payment of its debt, and on the 14th the motion was entered and heard, but the court overruled the motion and refused to appoint a receiver of the real estate.

At the same time, the appellant Bank filed its answer in the suit, which was being prosecuted by the assignee for a settlement of the estate and moved the court to dissolve the injunction granted against it, by which it was restrained from prosecuting a suit for a judgment against the assignors and the enforcement of its lien, other than in the suit filed by the assignee. The court

overruled the appellant's motion to dissolve the restraining order and made it perpetual. At the same time the court overruled the appellant's motion to dissolve the injunction, and its motion to appoint a receiver for the assigned real estate, it entered an order directing the assignee to rent the real estate and to hold the rents subject to the further order of the court, and ordering that the rights of all parties to the rents and property in his hands be preserved, the same as if the rents had been collected through a receiver of the court and specifying that the order was made for the purpose of retaining in the court the right to properly apply the proceeds of the rental and of preserving to the appellant, Bank, any rights it might have therein.

Thereafter, on the second day of June, the appellant, Bank, made a motion in the suit, which it had filed against the assignee and others, to dissolve the restraining order, which had been entered in the suit of the assignee for the settlement of the estate, and, also, to submit for judgment the suit in which the appellant was plaintiff, which motion the court overruled, and from this judgment of the court refusing to dissolve the restraining order and, also, from its judgment overruling the motion to appoint a receiver, and from the order directing the assignee to rent the real estate and collect and hold the rents, subject to the further order of the court, the appellant excepted and has appealed to this court.

The appellant insists that the court was in error in granting the restraining order, restraining it from maintaining any action for the collection of its debt and the enforcement of its lien, except in the suit brought by the assignee, and, was, also, in error in refusing to dissolve and set aside the restraining order, and this complaint will be first considered.

The action of appellant, Bank, did not seek a settlement of the assigned estate, but the only relief sought by it was a personal judgment against the assignors for the amount of its debt and for an enforcement of its lien, and that a receiver be appointed to take possession of the land, let it to rent, and apply the rents and profits to the payment of its debt. It, however, made the assignee a party to its suit and filed with its petition a copy of the deed of assignment. This suit, however, was instituted before the suit, which was filed by the assignee

for the settlement of the estate, and before the restraining order had been made restraining the appellant and all other creditors of the assigned estate from prosecuting any suit against the assignors and the assignee, except in the suit filed by the assignee. The authority for making an order enjoining the prosecution of separate suits by creditors of an assigned estate is sections 436 and 438, of the Civil Code. These sections are a part of chapter 3 of the Civil Code, which is intended to regulate proceedings in suits for the settlement of trust estates and estates of deceased persons. Section 436, *supra,* does not authorize the making of an order in such a suit, by which the prosecution of an action by a creditor against the assignor may be enjoined. The language of section 436, *supra,* is as follows:

"Upon the institution of the action mentioned in this chapter, an order may be made enjoining the prosecution of actions against the representatives of a decedent, by creditors, for their demands."

Section 438, *supra,* then provides that all of the foregoing provisions of chapter 3, *supra,* so far as applicable, shall regulate proceedings for the sale of property assigned by a debtor for the payment of debts, generally. It does not seem, construing these sections together, that a creditor can be enjoined from seeking a personal judgment against his debtor, even where the debtor has made an assignment of his property for the benefit of his creditors generally. The section, however, authorized the making of an order in a suit brought to settle an assigned estate to prohibit the prosecution of any suits by creditors, which have for their purpose the enforcement of their liens upon the assigned estate or for any kind of a judgment, which affects the assignee or the assigned estate. The various provisions of chapter 7, Kentucky Statutes, relating to voluntary assignments for the benefit of creditors, makes it very evident, that the purpose of the legislature was to prevent the wasting of assigned estates in costs and expensive litigation, and to devise a more economical and more summary method of administering such estates for the benefit of the creditors. It seems to be well within the authority of a judge of the circuit court, upon the filing of a petition by an assignee, to settle an assigned estate, to enter an order as provided by section 436, *supra,* enjoining any creditor from bringing an action against the assignee

of the estate and from seeking any relief against him, except in the suit which has been filed. The suit of the appellant, Bank, having already been filed, at the time, the suit was instituted by the assignee for the settlement of the estate, the court should not have enjoined the appellant from prosecuting its suit for a personal judgment against the assignors, but should have made the injunction apply to the attempt to enforce its lien upon the assigned estate in that action and to any proceedings, affecting the assignee, and should have ordered it consolidated with the suit filed by the assignee for the settlement of the estate. A suit to settle an assigned estate can not be maintained by any one except the assignee, or by a creditor or creditors representing one-fourth of the liabilities of the assignor. Section 96, Kentucky Statutes.

The judgment of the court in overruling the motion of appellant to appoint a receiver for the estate will now be considered. The petition of appellant does not aver that the property is in danger of being lost or removed or materially injured, but the ground, upon which the receiver is sought to be appointed, is, that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt, and under section 299, Civil Code, this is a valid reason for the appointment of a receiver for the mortgaged property. It is not claimed that the mortgage, by its terms, is such as to appropriate to the payment of appellant's debt the rents, issues or profits of the mortgaged property, and hence the appellant is without legal right to subject the rents to the payment of its debt, but only has an equitable claim to do so. Wooley v. Holt, 14 Bush 788; Taliaferro v. Gay, 78 Ky. 496; Mayfield v. Wright, 107 Ky. 530; Douglas v. Kline, 12 Bush 608. In such state of case, it has been held that the appointment of a receiver for the mortgaged property is a matter within the sound discretion of the trial court and should be made or refused on the circumstances of each particular case, and the appointment of a receiver in such a state of case, at the instance of the mortgagee, is a necessary thing upon which to base the mortgagee's right in equity to have appropriated to his debt the rents and profits, but in the case of an assigned estate the property is already in the hands of the assignee, who, while a trustee for all the creditors, as well as

the assignor, occupies the position of an officer of the court, and the good faith of his actions is secured by a bond, and where there is no valid objection to the assignee's performance of the duties of preserving, having charge of, and renting the property, a receiver should not be appointed, because the only duties to be performed by the receiver are just such duties as are incumbent upon the assignee, and the appointment of a receiver would be a useless waste of money, as well as to add confusion to a method for preserving and settling such an estate which is perfectly simple and direct. The provisions of chapter 7, Kentucky Statutes, clearly show that in actions for the settlement of assigned estates, that it was intended that the assignee should have possession of the property and hold it for the benefit of all the creditors, and where the assignee lets the property to rent under order of the court, the rents in his hands may be appropriated to the debts of such mortgage creditors as are equitably entitled to have such done, the same, as if the rents were in the hands of a receiver of the court. Hence, the court was not in error in overruling appellant's motion for the appointment of a receiver and ordering the assignee to let the property to rent, and to collect and preserve the rents, subject to the further order of the court.

While the appellant, as before stated, is entitled to a personal judgment in its behalf against the assignors for its debt, it is not entitled to present its claim against the assignee or to recover or receive any of the proceeds of the assigned estate until it has verified its claim, as required by section 90, Kentucky Statutes, which provides that the claims against an assigned estate must be verified in the same manner as claims against the estate of a decedent, except that it need not be verified by a person other than the claimant.

The questions as to whether the appellant, Bank, is entitled to have the rents and profits of the mortgaged property paid upon its debt or as to whether or not any portion of the proceeds of the assigned estate covered by mortgage liens can be used for the payment of the costs of administration and the costs of the suit, until the mortgage debts are fully satisfied, are not before this court for determination, as those matters were not adjudicated in either of the judgments from which the appellant has appealed.

For the error, alone, of refusing to modify the restraining order so as to permit the appellant to recover a personal judgment against the assignors, its suit having been filed prior to that of the assignee, and for the refusal to render such a judgment in its behalf, the judgment appealed from, which was rendered on the second day of June, 1916, is reversed; but the judgment rendered on the 14th day of April, 1916, overruling the motion to appoint a receiver, and ordering the assignee to let the property to rent and to hold the rents for the further order of the court, is affirmed. The cause is now remanded for further proceedings consistent with this opinion.