LOUISVILLE PROPERTY COMPANY, H. C. WILLIAMS, ASSIGNEE, MIDDLESBORO, KENTUCKY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96414.   Promulgated May 24, 1940.

*Geo. E. H. Goodner, Esq.,* and *Bernard I. Dahlberg, C. P. A.,* for the petitioner.

*E. M. Woolf, Esq.,* for the respondent.

OPINION.

BLACK: The petitioner in this proceeding has filed a motion to change the caption of the proceeding from what it is at present to:

H. C. WILLIAMS, SUCCESSOR ASSIGNEE IN TRUST FOR THE BENEFIT OF THE CREDITORS AND STOCKHOLDERS OF LOUISVILLE PROPERTY COMPANY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

and to file a second amended petition.

At a hearing on this motion, respondent did not oppose so much of the motion which asked leave to file a second amended petition but

did oppose that part of the motion to change the caption of the proceeding. At the hearing, although filing no motion to dismiss the proceeding for lack of jurisdiction, the petitioner raised the question in argument as to whether the Board has jurisdiction to hear and decide the proceeding, suggesting as a reason for raising the question that the taxpayer against which the Commissioner determined the deficiency is not before the Board as a petitioner. The Board must take notice of this question of jurisdiction even though it has not been raised by a formal motion. *Coca-Cola Bottling Co.*, 22 B. T. A. 686, and cases there cited. The respondent contends that the Board does have jurisdiction and opposes any dismissal on that ground.

The facts as disclosed by the pleadings and by evidence introduced at the hearing on the motion, are as follows:

The Louisville Property Co. is a corporation. During 1919 it was in financial difficulty. As a result thereof its board of directors, on November 5, 1919, passed a resolution:

Be it resolved:

1. That the president of this company be and he is hereby authorized and directed to execute and deliver a general deed of assignment, for the benefit of creditors, to the United States Trust Company, of Louisville, or such other assignee as he may select, thereby conveying, transferring and assigning to the Assignee in said deed all of the property—real, personal and mixed,—owned by this company, in trust for the payment of the debts of the company, including the lien debt of the Louisville and Nashville Railroad Company, and distributing ratably among the stockholders the remainder, if any, of the proceeds of the sale of the company's property after paying expenses of administration * * *.

2. That this company will now proceed to close its business and wind up its affairs, it being understood however, that inasmuch as the deed herein provided for will direct the trustee to distribute the excess of assets over debts, if any, to the stockholders, *the winding up of the company's affairs cannot be completed until such distribution is made.* [Italics supplied.]

As a result of the above resolution, the Louisville Property Co., on November 6, 1919, executed a deed of assignment, which is in part as follows:

THIS DEED OF ASSIGNMENT, made this November 6, 1919, by and between the Louisville Property Company, party of the first part, and the United States Trust Company, party of the second part, both being corporations organized under and pursuant to the laws of the State of Kentucky, and hereafter for convenience referred to as Assignor and Assignee, respectively, witnesseth: That

WHEREAS the first party is indebted to the Louisville & Nashville Railroad Company in a large sum of money, amounting to considerably more than a million dollars, which is secured by a lien upon all of its tangible property; and

WHEREAS circumstances have arisen which will result in the forced sale of the Assignor's property for the payment of said indebtedness, and the officers and a majority of the stockholders of the company believe that such proceeding would result in a sacrifice of the company's property and a great loss possibly to the creditors and certainly to the stockholders; * * * now,

In consideration of the premises and of one dollar paid cash in hand, the receipt of which is hereby acknowledged, the assignor hereby sells, assigns, aliens,

conveys and transfers all of its property of every description,—real, personal and mixed—and wheresoever located, to the assignee, its successors and assigns, absolutely and in fee simple, in trust for the payment of the debts of the Assignor and the expenses of administration and the distribution of the remainder, if any, of the proceeds of the sale of the assignor's property to its stockholders ratably *according to their holdings at the time such distribution is made;* the assignee, its successors and assigns being hereby specifically authorized to sell all of the property herein conveyed at public or private sale, and in such parcels and upon such terms as it may deem most advantageous. [Italics supplied.]

The United States Trust Co. accepted the deed in language as follows: "The United States Trust Company, of Louisville, Ky., as Assignee, hereby accepts this deed and trust thereby created. This November 6, 1919." It served as assignee until 1935, when it filed in the Whitley Circuit Court, in No. 5484, its "Resignation as Assignee of the Louisville Property Company." On May 11, 1935, the court ordered, considered, and adjudged in part, as follows:

1. That the Final Statement of the Accounts of the United States Trust Company, as Assignee of the Louisville Property Company under the deed of assignment dated November 6, 1919, from Louisville Property Company, as Assignor, to United States Trust Company, as Assignee, and all of its accounts and transactions as such Assignee, be, and hereby they are, confirmed and aproved;

2. That the resignation of the United States Trust Company, as Assignee of the Louisville Property Company, under such deed of assignment be, and hereby it is, accepted;

3. That, pursuant to the nomination and recommendation by the defendants, Louisville and Nashville Railroad Company, the Atlantic Coast Line Railroad Company, William S. Speed and Isaac W. Berheim, of Mr. H. C. Williams, of Middlesboro, Kentucky, as successor assignee of the Louisville Property Company, under such deed of assignment, in substitution for the United States Trust Company, the said H. C. Williams hereby is appointed as such successor Assignee of the Louisville Property Company, under such deed of assignment, in substitution for the United States Trust Company * * *.

It Is Further Ordered that H. C. Williams, as Assignee of the Louisville Property Company, be, and hereby he is, made plaintiff herein in substitution for, and in lieu of, the United States Trust Company, Assignee of the Louisville Property Company; and that this case hereafter proceed under the style of H. C. Williams, Assignee of the Louisville Property Company, plaintiff, versus Louisville Property Company, et al. etc., defendants; and that this action is retained on the docket for such further proceedings herein as may be necessary or proper and for the settlement of the accounts herein of the said H. C. Williams, as successor Assignee of the Louisville Property Company.

Williams qualified and assumed the duties of successor assignee of the Louisville Property Co. and is still serving in that capacity. He filed returns for 1935, 1936, and 1937 as a "trust" on Forms 1041 and 1040. The 1936 returns were admitted in evidence and show that Form 1041 was filed under the caption of "Louisville Property Company, H. C. Williams, Assignee" and that Form 1040 was filed under the caption of "H. C. Williams, Assignee, Louisville Property Company."

The respondent determined that Williams was operating the property of the Louisville Property Co. as an assignee and that under section 52 of the Revenue Acts of 1934 and 1936 he should have filed returns for such corporation in the same manner and form as corporations are required to make returns.

On November 26, 1938, a deficiency notice was mailed to "Louisville Property Company, H. C. Williams, Assignee" giving notice of deficiencies in income tax for the years 1935 and 1936.

On December 12, 1938, a petition was filed under the caption of "H. C. Williams, Trustee Louisville Property Company" and docketed as No. 96414.

On January 20, 1939, the respondent filed a motion to dismiss on the grounds that the petition was not in accordance with Rule 6 (a), (d), (e), and (h) of the Board's Rules of Practice, in that it did not contain the proper caption, assignments of error, statement of facts, or a proper verification. This motion was set down for hearing and later continued to March 1, 1939.

On February 15, 1939, a new petition for the same years, 1935 and 1936, was filed under the caption of "Louisville Property Company, H. C. Williams, Assignee" and docketed as No. 97126.

On March 1, 1939, a hearing was held on respondent's motion to dismiss before a division of the Board, who, on March 3, 1939, signed an order which is in part as follows:

ORDERED that the respondent's motion to dismiss filed January 20, 1939, be and it hereby is denied; that the proceeding at Docket No. 97126, together with all papers pertaining thereto, be and it hereby is transferred to and consolidated with the proceeding at Docket No. 96414; that Docket No. 97126 be and it hereby is closed of record by such consolidation, and that the respondent is allowed 60 days from the date hereof within which to file an answer to the amended petition filed February 15, 1939, or 45 days within which to move with respect thereto, and that the filing fee paid at Docket No. 97126 be refunded to the petitioner.

IT IS FURTHER ORDERED that this proceeding shall proceed henceforth under the caption Louisville Property Company, H. C. Williams, Assignee, Middlesboro, Kentucky, Petitioner, as set forth in the amended petition filed February 15, 1939.

On February 19, 1940, petitioner in Docket No. 96414 filed a motion to change the caption from that as designated in the Board's order, dated March 3, 1939, to "H. C. Williams, Successor Assignee in Trust for the Benefit of the Creditors and Stockholders of Louisville Property Company" and also for leave to file the "Second Amended Petition" which was annexed to the motion. This proposed second amended petition contains among other things, the following allegations which go to the question of jurisdiction:

In a letter dated November 26, 1938, the Commissioner of Internal Revenue, by Caruthers Wilson, Internal Revenue Agent in Charge, gave notice of his

determination of deficiencies in income tax for the period May 11 to December 31, 1935, and the calendar year 1936 against "Louisville Property Company, H. C. Williams, Assignee, Middlesboro, Kentucky". Said letter was sent by registered mail to and was received by the above designated petitioner. In so far as said notice of deficiencies is held to assert deficiencies in tax against this petitioner, petitioner hereby petitions for a redetermination thereof, and as a basis of this proceeding alleges as follows:

1. The petitioner is the successor assignee in trust for the benefit of the creditors and stockholders of Louisville Property Company, having been appointed as such by the Circuit Court of Whitley County, Kentucky, on the 6th day of May, 1935, and having qualified as such on May 11, 1935. His address is Middlesboro, Kentucky. Petitioner filed fiduciary and income tax returns for the periods here involved with the collector for the District of Kentucky.

Following these jurisdictional allegations are assignments of error which go to the correctness of the Commissioner's determination of the deficiency. These we do not deem it necessary to set out in this opinion because there has as yet been no hearing on the merits.

The principal question we have to decide at the present time is whether the petition has been filed by the taxpayer against which the deficiency has been determined or whether Williams has merely appealed as a fiduciary or as an individual.

The Louisville Property Co. has not been dissolved. It has remained in existence apparently for the sole purpose of awaiting the outcome of the liquidation of its properties, which was carried on first by the United States Trust Co. until May 1935, and since that date by H. C. Williams. If any proceeds from the sale of the properties of the Louisville Property Co. remain after all the creditors and expenses of administration have been paid, such remainder is to be distributed to the stockholders of the Louisville Property Co. ratably "according to their holdings at the time such distribution is made." The resolution of the board of directors of the Louisville Property Co. dated November 5, 1919, specifically provided that "the winding up of the company's affairs cannot be completed until such distribution is made."

From the pleadings and evidence now before us it seems that the question is clearly raised as to whether H. C. Williams is an "assignee" as the term "assignees" is used in section 52 of the Revenue Acts of 1934 and 1936. The material provisions of section 52 of both acts are identical. Section 52 is printed in the margin.[1] If Williams was operating the property of the Louisville Property Co. during

---

[1] SEC. 52. CORPORATION RETURNS:

* * * In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control.

1254

the years 1935 and 1936 as the assignee of that corporation, he would be required under section 52 to make returns for the Louisville Property Co. in the same manner and form as corporations are required to make returns. The respondent determined that Williams was operating the properties of the Louisville Property Co. as an assignee and has issued the deficiency notice upon that basis. The evidence which has been introduced, coupled with the facts as disclosed by the pleadings, confirms the correctness of respondent's determination rather than disproves it, and brings petitioner clearly within section 52, *supra*.

It is our opinion that the Board has jurisdiction; that petitioner's motion to change the caption should be denied; and that petitioner's motion to file the second amended petition which was lodged with the Board on February 19, 1940, should be granted, except that the caption thereof is to remain the same as stated in the Board's order dated March 3, 1939. An order disposing of petitioner's motion filed February 19, 1940, will be entered accordingly.