RUBY M. WILLIAMS AND CHARLES R. COY, ASSIGNEE OF RUBY M. WILLIAMS FOR THE BENEFIT OF CREDITORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3880–62. Filed July 30, 1965.

*Michael J. Clare,* for petitioner Ruby M. Williams.
*James E. Thompson,* for petitioner Charles R. Coy.
*Ferd J. Lotz III,* for the respondent.

## OPINION

BRUCE, *Judge:* This proceeding involves deficiencies in income tax for the calendar years 1960 and 1961 in the respective amounts of $29,955.75 and $14,203.44, and an addition to tax for 1960 under section 6651(a), I.R.C. 1954, in the amount of $7,488.94 for failure timely to file a return.

The taxpayer in this case is Ruby M. Williams, a resident of Richmond, Ky. She filed individual income tax returns for the calendar years 1960 and 1961 with the district director of internal revenue at Louisville, Ky.

Although none of the parties to this proceeding has questioned the jurisdiction of this Court, it is fundamental that a court must consider that question if it is suggested by the facts and applicable law. *Psaty & Fuhrman, Inc.* v. *Stimson,* 11 T.C. 638 (1948); *Louisville Property Co.,* 41 B.T.A. 1249 (1940). We have concluded that the filing of the petition herein is prohibited by section 6871(b) of the Code and therefore we are without jurisdiction to determine the issues raised in the petition.

Ruby M. Williams, on March 20, 1961, made a voluntary assignment to Charles R. Coy for the benefit of her creditors. Coy, as assignee, on June 26, 1961, filed a complaint in the Circuit Court for Madison County, Ky., naming as defendants Ruby M. Williams and her husband and all the known creditors of Ruby M. Williams, including the United States of America. Paragraph 13 of this complaint alleged:

13. Plaintiff believes, and, therefore, alleges on information and belief that the United States of America may, under and by virtue of the 1954 Internal Revenue

Code, Title 26 U.S.C.A., have some interest in this action and in the estate of the defendant, Ruby M. Williams; and the United States of America is now called upon to plead herein and to show what interest, if any, it has in this action and in the estate of the defendant, Ruby M. Williams, under said Internal Revenue Code.

Notice of the assignment was given by Coy to all known creditors and notice by publication was given according to law. Coy filed bond as required by statute. Coy liquidated the assets transferred to him by the assignment under orders of the Circuit Court. He rendered to that court an accounting as of May 5, 1962, of the performance of his trust and made a further report and accounting to the court on December 31, 1964, showing the assets on hand for settlement of claims. The district director of internal revenue filed a claim in that proceeding.

Ruby M. Williams filed her income tax returns for 1960 and 1961 on or about March 18, 1962. Respondent mailed a notice of deficiency to Ruby M. Williams on June 28, 1962, determining the deficiencies herein and informing her that assessment had been made of the deficiencies and addition to tax under the provisions of the internal revenue laws relating to jeopardy assessments.

The petition herein was filed September 24, 1962, naming as petitioners both Ruby M. Williams and Charles R. Coy, assignee of Ruby M. Williams for the benefit of creditors.

Section 6871 of the Internal Revenue Code of 1954[1] deals with claims for income, estate, and gift taxes in bankruptcy and receivership proceedings. Subsection (a) provides for immediate assessment of any deficiency upon adjudication of bankruptcy or upon "the appointment of a receiver for any taxpayer in any receivership proceeding before any court of * * * any State." Subsection (b)

---

[1] SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BRANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

provides for presenting claims for such deficiencies to the court before which the bankruptcy or receivership is pending, "despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court;" and further provides "but no petition for any such redetermination shall be filed with the Tax Court after * * * the appointment of the receiver."

The provisions of section 6871(b) are to the effect that if a petition has been filed with the Tax Court prior to the adjudication of bankruptcy or the appointment of a receiver for the taxpayer in a receivership proceeding in a State or Federal court, the Tax Court is not deprived of jurisdiction to redetermine the deficiency, *Comas, Inc.*, 23 T.C. 8 (1954), but that after the appointment of such a receiver the Tax Court is without jurisdiction to receive a petition and the determination of the tax claim is solely within the jurisdiction of the court which appointed the receiver. *Leon I. Ross*, 38 T.C. 309 (1962).

Upon consideration of the statutes of Kentucky and the decisions of the Court of Appeals of Kentucky interpreting those statutes, we are impelled to the conclusion that the assignment in this case and the proceedings pursuant thereto were in all essential respects the equivalent of the appointment of a receiver in a receivership proceeding in a State court within the meaning of section 6871, and that the filing of the petition herein, long after the assignment was made and the assignee had filed a bond and had commenced an action in the State court to settle the estate, is prohibited by section 6871(b).

Chapter 379 of the Kentucky Revised Statutes deals with voluntary assignments. Section 379.020 requires the deed of assignment to be recorded in the county clerk's office of the county where the assignor resides and in each county where a tract of land or the greater part thereof conveyed is situated. Section 379.030 requires the assignee to file a bond approved by the county judge and recorded in the county clerk's office. Section 379.170 permits the assignee to bring an action to settle the estate in the circuit court instead of the county court, in which case the circuit court, in addition to its powers as a chancery court, may exercise any power conferred on the county court in administering and settling the assigned estate. Section 379.050 provides that the assignee shall be subject to the orders and supervision of the court and may be required to file any report ordered. Section 379.090 provides for sales of the property conveyed and requires a report of the sale, subject to confirmation by the court. Sections 379.100, 379.110, and 379.120 provide for the filing of claims and allowance or rejection or compromise of claims, all within the supervision of the court and subject to confirmation by the court. Section 379.130 provides for distributions upon the claims, subject to confirmation by the court.

Under the foregoing provisions of the statutes of Kentucky, the assignee, in proceeding to liquidate and distribute the estate conveyed

by the assignor, is at all times subject to the orders of a court of competent jurisdiction to pass upon the claims of the creditors, including the United States.

The Court of Appeals of Kentucky has regarded the State laws and procedure relating to assignments for the benefit of creditors as comparable with receiverships in receivership proceedings in the State courts. In *Deposit Bank* v. *Kirby*, 175 Ky. 700, 194 S.W. 929 (1917), that court commented:

it has been held that the appointment of a receiver for the mortgaged property is a matter within the sound discretion of the trial court, and should be made or refused on the circumstances of each particular case, and the appointment of a receiver in such a state of case, at the instance of the mortgagee, is a necessary thing upon which to base the mortgagee's right in equity to have appropriated to his debt the rents and profits; but in the case of an assigned estate the property is already in the hands of the assignee, who, while a trustee for all the creditors, as well as the assignor, occupies the position of an officer of the court, and the good faith of his actions is secured by a bond, and where there is no valid objection to the assignee's performance of the duties of preserving, having charge of, and renting the property, a receiver should not be appointed, because the only duties to be performed by the receiver are just such duties as are incumbent upon the assignee, and the appointment of a receiver would be a useless waste of money, as well as to add confusion to a method for preserving and settling such an estate which is perfectly simple and direct. The provisions of chapter 7, Ky. Statutes, clearly show that in actions for the settlement of assigned estates, that it was intended that the assignee should have possession of the property and hold it for the benefit of all the creditors, and where the assignee lets the property to rent under order of the court, the rents in his hands may be appropriated to the debts of such mortgage creditors as are equitably entitled to have such done, the same as if the rents were in the hands of a receiver of the court. Hence the court was not in error in overruling appellant's motion for the appointment of a receiver and ordering the assignee to let the property to rent, and to collect and preserve the rents, subject to the further order of the court.

Also, in *BancoKentucky Co.'s Receiver* v. *National Bank*, etc., 281 Ky. 784, 137 S.W. 2d 357, 376, 377, 378 (1939), in connection with a receivership of BancoKentucky, the Court of Appeals said:

there can be no doubt that the filing of the receivership proceedings by the executive committee of the board of directors, consented to by Banco, was equivalent, in effect, to a voluntary assignment for the benefit of creditors. To hold otherwise would be to ignore all the realities of the situation and trade substance for shadow. The mere fact that the court was to select the person by whom the trust was to be executed and that this person would be denominated "receiver" instead of "assignee" did not change the character of the liquidation or affect the substance of the transaction. * * *

      *       *       *       *       *       *       *

There is slight, if any, difference in the powers of the receiver, the rights of the creditors, the intent of the parties and the ultimate results to be obtained from those which would have been secured by a general assignment for the benefit of creditors. It is true that certain statutory procedure is applicable to assignments

and not necessarily so to receivership proceedings, but such procedure is not essential to substantive rights.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

the receivership proceeding here was in substance and effect a voluntary assignment for the benefit of creditors. * * *

The U.S. Court of Appeals for the Sixth Circuit has taken this view in *In Re American Fuel & Power Co.*, 151 F. 2d 470, 481 (1945), saying:

Insofar as title and substantive rights are affected, no material difference appears between the position of an assignee under a deed of assignment for the benefit of creditors and an equity receiver of the property and assets of a corporation. * * *

citing the *BancoKentucky Co.'s Receiver* case.

It is not essential in the applicability of section 6871(b) that the fiduciary be denominated a "receiver" or that he be appointed by the court. In *French & Co.*, 10 B.T.A. 665, 667 (1928), in interpreting section 282(a), Revenue Act of 1926, a predecessor of section 6871, I.R.C. 1954, we said:

The statute does not require that the receiver shall be appointed by the court. It does specify that there shall be a receiver in a receivership proceeding before a court. In those instances where statutes provide that certain officials shall take over the duties of a receiver or liquidating agent, and at the same time grant to a court the authority to supervise and control such receiver, so that the property may be said to be in the custody of the court and the receiver may be said to be its officer, the mere fact that the court does not appoint the receiver seems unimportant. In such a case there has been a receiver appointed in a receivership proceeding before a court. Such a case differs from the ordinary case of receivership only in the manner of the appointment of the receiver.

We have held that where the superintendent of insurance of the State of New York took possession of the assets of an insurance company as liquidator pursuant to State law and an order of a State court, the proceeding was in effect a receivership proceeding before a State court and the superintendent was the receiver therein. *Louis H. Pink, Supt. of Insurance of New York*, 38 B.T.A. 182 (1938). Similarly, we have held that the superintendent of banks of the State of New York, in taking possession of the assets of a bank under authority of State law, was acting in a receivership proceeding in a State court for the purposes of a predecessor of section 6871. *Banco Di Napoli Agency in New York*, 1 T.C. 8 (1942). In each of these cases a petition filed after the State officer took possession was dismissed.

The assignee in this proceeding is an officer of the circuit court which has, through him, taken the property of the assignor into its possession. This is equivalent to a receivership proceeding in a State court and the appointment of a receiver therein. The petition was

filed thereafter and is prohibited under section 6871(b). The Tax Court is without jurisdiction.

*An order of dismissal will be entered.*