Harry D., Jr., and Juanita C. Gurley v. Commissioner.
Gurley v. Commissioner
Docket No. 91182.
United States Tax Court
T.C. Memo 1966-52; 1966 Tax Ct. Memo LEXIS 231; 25 T.C.M. (CCH) 303; T.C.M. (RIA) 66052; March 11, 1966
James D. Burroughs, for the respondent. BRUCE Memorandum Opinion BRUCE, Judge: This case is before this Court on respondent's motion, filed July 16, 1962, to dismiss as to the petitioner Harry D. Gurley, Jr., for lack of jurisdiction, pursuant to section 6871(b) of the Internal Revenue Code of 1954. Hearing on this motion was continued from time to time because of the illness, and subsequent death, of the petitioner Harry D. Gurley, Jr., until the trial session of this Court held at Jacksonville, Florida, beginning November 29, 1965. Upon call of the case *232 on November 29, 1965, trial of the case was continued generally, on joint motion of the petitioner Juanita C. Gurley and the respondent, and the motion to dismiss was taken under advisement with leave to the parties to file memoranda with particular reference to the question whether this Court has jurisdiction as to Juanita C. Gurley if it should be held it lacks jurisdiction as to Harry D. Gurley, Jr. A memorandum in support of the motion to dismiss as to Harry D. Gurley, Jr. only has been filed by the respondent. No memorandum has been filed by or on behalf of Juanita C. Gurley or the estate of Harry D. Gurley, Jr., now deceased. Nor has any objection to the granting of the motion to dismiss ever been filed herein by or on behalf of Juanita C. Gurley, or Harry D. Gurley, Jr. during his lifetime, or his estate subsequent to his death. The respondent determined deficiencies in the income tax of the petitioners for the calendar years 1957 and 1958 in the amounts of $7,180.66 and $44,115.91, respectively. The statutory notice of deficiency upon which the petition herein is based was sent to the petitioners by certified mail on November 21, 1960, addressed to "Mr. Harry D. Gurley, Jr. *233 and Mrs. Juanita C. Gurley (Husband and Wife), 1609 Beach Avenue, Atlantic Beach, Florida." At that time petitioners were husband and wife residing at that address. The petition herein was filed February 17, 1961 by Harry D. Gurley, Jr. and Juanita C. Gurley. On September 26, 1960, in a receivership proceeding instituted in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, in Chancery (Case No. 60-3453-E), under the provisions of Chapter 631 of the Insurance Code, Florida Statutes Annotated, an order was entered appointing J. Edwin Larson, Insurance Commissioner of Florida, as "Receiver of National Automobile Insurance Company, a Delaware Corporation and Receiver of Harry D. Gurley, Jr., and Harry D. Gurley, Jr., doing business as National Automobile Insurance Association," the defendants in said proceeding. Juanita C. Gurley was not a party to said receivership proceedings. Harry D. Gurley, Jr. and Juanita C. Gurley were divorced by decree granted by the Circuit Court, in and for Duval County, Florida, on July 2, 1962. Harry D. Gurley, Jr. died on February 10, 1964, and Juanita C. Gurley was appointed administratrix of his estate by the Judge *234 of the County Court, Duval County, Florida, on February 19, 1964. No substitution of parties has been made or requested in this case by any party, apparently because of the insolvency of the estate of Harry D. Gurley, Jr., deceased. In view of our conclusion on the motion to dismiss, which would render substitution of party a useless gesture in any event, it is deemed unnecessary to require such a substitution at this time. See Roy R. Yeoman, 25 T.C. 589 (1955); Clyde L. Martin, 38 T.C. 416 (1962). Section 6871 of the Internal Revenue Code of 1954[1] deals with claims for income, estate, and gift taxes in bankruptcy and receivership proceedings. Subsection (a) provides for immediate assessment of any deficiency upon adjudication of bankruptcy or upon "the appointment of a receiver for any taxpayer in any receivership proceeding before any court of * * * any State." Subsection (b) provides for presenting claims for such deficiencies to the court before which the bankruptcy or receivership is pending, "despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court"; and further *235 provides "but no petition for any such redetermination shall be filed with the Tax Court after * * * the appointment of the receiver." *236 The provisions of section 6871(b) are to the effect that if a petition has been filed with the Tax Court prior to the adjudication of bankruptcy or the appointment of a receiver for the taxpayer in a receivership proceeding in a State or Federal court, the Tax Court is not deprived of jurisdiction to redetermine the deficiency, Comas, Inc., 23 T.C. 8 (1954), but that after the appointment of such a receiver the Tax Court is without jurisdiction to receive a petition and the determination of the tax claim is solely within the jurisdiction of the court which appointed the receiver. Leon I. Ross, 38 T.C. 309 (1962); Ruby M. Williams, 44 T.C. 673 (1965). Since the receiver was appointed prior to the mailing of the statutory notice of deficiency and the filing of the petition herein, it is clear that this Court is without jurisdiction as to the petitioner Harry D. Gurley, Jr., or his estate. Accordingly, respondent's motion to dismiss as to Harry D. Gurley, Jr., is sustained. Ruby M. Williams, supra; Louis H. Pink, Supt. of Insurance of New York, 38 B.T.A. 182 (1938). Although none of the parties to this proceeding *237 had questioned the jurisdiction of this Court with reference to the petitioner Juanita C. Gurley, it is fundamental that a court must consider the question of its jurisdiction if it is suggested by the facts and applicable law. Psaty & Fuhrman, Inc. v. Stimson, 11 T.C. 638 (1948); Louisville Property Co., 41 B.T.A. 1249 (1940); Ruby M. Williams, supra. Accordingly, at the hearing on November 29, 1965 on respondent's motion to dismiss as to petitioner Harry D. Gurley, Jr., the Court, of its own volition, raised the question whether this Court lacked jurisdiction as to Juanita C. Gurley if it should be held it was without jurisdiction as to her former husband, Harry D. Gurley, Jr. We are now satisfied on the showing presently made that it does not lack jurisdiction as to the petitioner Juanita C. Gurley. Harry and Juanita were husband and wife during the taxable years 1957 and 1958 and their joint and severable liability for the tax deficiencies determined by respondent for such years is involved herein. In Marie A. Dolan, 44 T.C. 420 (1965), this Court recently held that even though a husband and wife have filed joint returns they *238 do not constitute a single taxpaying entity but are to be treated as separate taxpayers. For the reasons set forth in the Dolan case, we now hold that our ruling with respect to the petitioner Harry D. Gurley, Jr. does not deprive this Court of jurisdiction with respect to the petitioner Juanita C. Gurley. Order will be entered dismissing the petition herein as to the petitioner Harry D. Gurley, Jr. Footnotes
1. SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS. (a) Immediate Assessment. - Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. (b) Claim Filed Despite Pendency of Tax Court Proceedings. - In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.↩