Gustav Schumann v. Mathias Helberg and Sophia E. Schumann, as Conservators of Julius Schumann, an Insane Person.

1. PRACTICE—*As to Cases Reversed and Remanded.*—When a case is taken to the Supreme Court and reversed and remanded to the court below, it is the duty of the court below to examine the opinion of the Supreme Court and conform its action to it.

2. DECREES—*Effect of Reversal Upon.*—Where a cause is reversed and remanded by the Supreme Court, with no specific directions, it is to be proceeded with, in the court below, as if the reversed decree had never been made. Having been reversed, such decree is in effect expunged from the record.

3. CHANCERY PRACTICE—*Evidence Not to be Taken After the Master's Report.*—Where a cause has been referred to the master to take and report the evidence, it is meant that he shall take all the evidence, and it is not competent for the court to hear other evidence when the cause comes on to be heard upon the master's report.

**Bill for Relief.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

SIGMUND ZEISLER, attorney for appellant.

JAMES E. MUNROE, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

We think the only question really involved in this appeal is the correctness of the decree that was entered by the Circuit Court for an accounting between the parties.

All of the main questions involved seem to have been fully determined by the Supreme Court when the case was there with the parties reversed, as reported in 150 Ill. 12. As it was the duty of the Superior Court to examine the opinion of the Supreme Court when it reversed the former decree herein, and conform its action to it, so it is ours to ascertain from that opinion what was there decided, now that the cause has come for the first time before us. Manufacturing Co. v. Wire Fence Co., 119 Ill. 30.

From such examination we are enabled to see that, upon the pleadings and evidence in the case as it was before the Supreme Court, which remain substantially unchanged in this record, the Supreme Court has decided that the transaction involved, amounted, in equity, to a mortgage as between the parties, and on making full payment of all moneys agreed to be paid, and interest and taxes, the appellees here were entitled to relief in equity.

We do not mean to be understood that there was anything in the opinion of the Supreme Court, or in its remanding order, that precluded the Superior Court from receiving further evidence in the cause upon ground therefor being shown, or that the appellant was prevented thereby from amending his pleadings, or introducing further evidence, in a proper way.

When the cause got back into the Superior Court by virtue of the remanding order of the Supreme Court, with no specific directions, it was there to be proceeded in just as if the former decree, which had been reversed, had never been made. The former decree, by virtue of its having been reversed, was in effect expunged from the record. Chickering v. Failes, 29 Ill. 294.

The evidence that had been taken by the master and reported, with his conclusions, before that former decree was entered, was in the case to be again acted upon in harmony with the opinion of the Supreme Court; and, except sufficient ground were shown for taking further evidence, was all that the Superior Court needed to proceed, as it did, to this decree for an accounting. Doubtless, upon a sufficient showing, the appellant would have been entitled to a re-reference of the cause for the purpose of taking additional evidence. But we agree with the Superior Court that no sufficient showing therefor was made, and that, besides, the application for a re-reference was made too late under the circumstances. The cause did not come on for hearing until more than a year had elapsed from its re-docketing; and the application for a re-reference was not made until after the cause had been reached on the trial calendar and the hearing had proceeded to a substantial conclusion of appellees' case. This was too late.

If the appellant were relying upon his theory that the cause must be reheard upon new evidence, to the exclusion of the previous evidence taken before the master, or, that if that evidence were to be considered as a part of the record of the cause, then his right existed to introduce oral evidence in open court upon the hearing, in addition to the

evidence reported by the master, he had no right to so rely. Where a cause has been referred to a master to take and report the evidence, it is meant that he shall take all the evidence, and it is not competent for the court to hear other evidence when the cause comes on to be heard upon the master's report. Cox v. Pierce, 190 Ill. 556; Allison v. Perry, 130 Ill. 9; Gould v. Elgin City Banking Co., 36 Ill. App. 390; Smith v. Billings, (No. 5976 this term).

The part of the decree with which especial fault is found, so far as the accounting is concerned, is, as stated by appellant both in his abstract and brief, that appellant shall be charged with " the value of the use and occupation of said premises during the time the same has been in possession of said Gustav."

Literally construed, an accounting upon that basis would be more favorable to appellant than he asks, inasmuch as it would exclude an accounting for rents received from his tenants in possession.

We will not, however, assume in advance of an accounting, that literal effect would be given to the decree in that regard, but rather that the accounting will be taken according to well settled rules with reference to accountings of mortgagees in possession.

The decree of the Superior Court will therefore be affirmed.