MARSHALL & SPENCER COMPANY, A CORPORATION, W. A. ARBUCKLE, FLORENCE ARBUCKLE, MARVIN MALSBY, TRADING AS MALSBY MACHINERY COMPANY, J. C. HALSEMA MANUFACTURING COMPANY, A CORPORATION, CAROLINA-PORTLAND CEMENT COMPANY, A CORPORATION, JACKSONVILLE HARDWARE COMPANY, A CORPORATION, SOUTHERN ELECTRIC COMPANY, A CORPORATION, C. W. SCHMETZER, TRADING AS ST. JOHNS RIVER SAND COMPANY, JONES LUMBER COMPANY AND R. L. SLAUTER, *Appellants*, v. PEOPLES BANK OF JACKSONVILLE, *Appellee*.

Division A.

Opinion Filed August 2, 1924.

1. Where all the parties are before the court a judgment of reversal reverses the entire decree, and thereafter the cause stands as though no decree had been rendered in the lower court.

2. Where there has been, by order of court, a master's sale to the mortgagee of the real estate involved in a suit to foreclose a mortgage, and on appeal the decree of foreclosure and distribution is reversed, upon the going down of the mandate, the sale under the decree on petition of parties to the suit where rights have been affected will be vacated

and set aside, and the court below should grant a petition for the resale of the property and an accounting for the rents and profits by the mortgagee who has been in possession of the property under a deed from the Special Master.

An appeal from the Circuit Court for Duval County, George Couper Gibbs, Judge.

Decree reversed.

*Axtell & Rinehart,* for Appellants;

*Alexander & Martin,* for Appellee.

BROWNE, J.—The Peoples Bank of Jacksonville brought suit to foreclose a mortgage, against the mortgagors, and other named defendants claiming to have materialmen's liens on the mortgaged property.

The bill alleged that the mortgage was superior to the liens of the materialmen.

A decree of foreclosure was entered, in which the liens of the materialmen were held to be superior to the mortgage. This decree, on appeal, was reversed.

Pending the decision on appeal, the mortgaged property was sold by the Master on order of the court, and bought for $10,000.00 by the Bank, which entered into possession of it under a Master's deed.

On the coming down of the mandate from this court, The Marchall-Spencer Company, a corporation, one of the defendants in the foreclosure suit, filed in the Circuit Court of Duval County, its petition setting up that it had acquired by assignment the liens of all the other defendant lien holders, and thereby became entitled to all the rights, title and interest of the defendants in and to the mortgaged property; and that the mortgagor W. A.

Arbuckle had departed from the jurisdiction of the court, and left no property out of which any claim against him could be satisfied, other than the mortgaged property; and that Arbuckle was insolvent.

The petition further alleges that the purchase price of $10,000.00 paid by the Peoples Bank of Jacksonville, was deposited by the Special Master in the Peoples Bank, and no distribution has been made of the fund by the Special Master, but it is now in possession of the Peoples Bank, and that the bank from the time it went into possession of the property has been receiving the rents which amount to not less than two hundred and fifty dollars a month. That at the time of the sale of the property it was worth not less than $13,000.00 or $14,000.00, and was worth at the time of filing the petition at least fifteen thousand dollars, and would bring that amount on resale.

The petitioner avers that he is able, ready and willing to pay The Peoples Bank of Jacksonville any and all sums of money that upon an accounting may be found to be superior in dignity to his liens and claims, upon his being subrogated to all the rights, claims and privileges of the Peoples Bank of Jacksonville.

The prayer is for an accounting; for the appointment of a receiver to take charge of and manage the mortgaged premises until it can be sold under an order of court; that the petitioner be allowed to redeem by paying the bank the amount found to be due it, and upon such payment the petitioner be subrogated to the rights of the bank; that the property be sold to pay the amounts found to be due.

The cause is now before this court on appeal from a decree of the Chancellor sustaining a demurrer to the petition.

The judgment of this court reversing the decree of foreclosure and distribution (82 Fla. 479, 90 South. Rep. 458),

was not a partial reversal, but a reversal of the entire decree, and the cause after reversal stood as though no decree had been rendered.

In Schumann v. Helberg, 62 Ill. App. 218, the court held "when a cause is reversed and remanded by the Supreme Court, with no specific directions, it is to be proceeded with, in the court below, as if the reversed decree had never been made. Having been reversed, such decree is in effect expunged from the record." See also Chickering v. Failes, 29 Ill. 294; Cowdery v. London & San Francisco Bank, 139 Cal. 298, 73 Pac. Rep. 196; Laithe v. McDonald, 7 Kan. 254.

The effect of the contention of the appellee would be that upon the going down of a mandate reversing a decree in chancery, with no specific instructions, the lower court could examine the record for the purpose of determining if the entire decree or only certain portions, was reversed. If the reversed decree adjudicated various and sundry questions, the lower court could determine which ones were reversed and which affirmed by this court. Such a doctrine cannot prevail. When this court intends that a decree shall be reversed in part and affirmed in part it will say so, and not leave it to future determination by the lower court.

In Capital City Bank v. Hilson, 64 Fla. 206. 60 South. Rep. 189, it was held that "the reversal of a judgment in an action at law in favor of a plaintiff upon a written contract on the ground that the declaration failed to state a cause of action and that the plaintiff could not recover against the defendant upon the contract as written, leaves the case as if there had been no judgment."

It is true that was a suit at law, but in South Florida Lumber & Supply Co. v. Read, 65 Fla. 61, 61 South. Rep.

125, this Court cited and applied it to a chancery decree, in this language: "If we had reversed the entire decree, it would have undoubtedly left the case as if there had been no decree, as the defendant in error contends. See our holding and reasoning in Capital City Bank v. Hilson, *supra*."

The court then said, "But we did not reverse the entire decree, nor could we have done so, as the defendants other than Langford were not before us." No such condition exists in the instant case as all the parties to the litigation are before us.

Where there has been, by order of court, a master's sale to the mortgagee of the real estate involved in a suit to foreclose a mortgage, and on appeal the decree of foreclosure and distribution is reversed, upon going down of the mandate, the sale under the decree on petition of parties to the suit whose rights have been affected, will be vacated and set aside, and the court below should grant a petition for the resale of the property and an accounting for the rents and profits by the mortgagee who has been in possession of the property under a deed from the Special Master.

This rule seems to have been settled in Maxwell v. Jacksonville Loan & Improvement Co., 45 Fla. 468, 34 South. Rep. 255. See also Johnson v. McKinnon, 54 Fla. 221, 45 South. Rep. 23; Lehman-Durr Co. v. Folmer, 166 Ala. 325, 51 South. Rep. 954, 139 Am. St. Rep. 37; Ure v. Ure, 223 Ill. 454, 79 N. E. Rep. 153, 114 Am. St. Rep. 336; Singly v. Warren, 18 Wash. 434, 51 Pac. Rep. 1066, 63 Am. St. Rep. 896; Leeds v. Gifford, 41 N. J. Eq. 464, 5 Atl. Rep. 795; Long v. Richards, 170 Mass. 120, 48 N. E. Rep. 1083; 2 Jones on Mortgages, § § 1114, 1118-1118a.

The decree is reversed, and the cause remanded with

directions to the court below to grant the prayer of the petitioners.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.