FINANCIAL AND INDUSTRIAL SECURITIES CORPORATION, PETITIONER,
*v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68441.   Promulgated March 24, 1933.

*J. A. Selby, Esq.*, for the petitioner.
*J. A. Adams, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The respondent moves that this proceeding be dismissed because the Board does not have jurisdiction of it.

The petition was filed November 12, 1932, and contains the following allegation:

1. The petitioner was a corporation organized under the laws of the State of Maryland and was duly dissolved on or before March 11, 1929 in voluntary dissolution and liquidation proceedings under Sections 88 and 89 of Article 23 of the Maryland Annotated Code. Its principal office was at No. 411 East Baltimore Street, Baltimore, Maryland and its present mailing address is No. 30 Pine Street, New York, N. Y. The Continental Trust Company, a trust company duly organized and existing under the laws of the State of Maryland, has been duly appointed as Receiver for petitioner in said dissolution and liquidation proceedings under Sections 88 and 89 of Article 23 of the Maryland Annotated Code and said trust company is at present acting as such Receiver, and in that capacity is empowered to bring all suits and prosecute all proceedings in the name of the petitioner.

Attached to the petition is the following verification:

STATE OF MARYLAND
CITY OF BALTIMORE } SS:

W. J. Casey being duly sworn, says: That he is the Vice-President of THE CONTINENTAL TRUST COMPANY; that said Trust Company was duly appointed the lawful receiver of petitioner herein, pursuant to order of appointment dated March 11, 1929; that said Trust Company is duly authorized by law to sign the foregoing petition, and that said Trust Company has duly authorized him, the said W. J. Casey, to sign the foregoing petition.

*W. J. Casey.*

A deficiency notice dated September 14, 1932, and addressed to Financial and Industrial Securities Corporation is appended to the petition.

The respondent relies upon Revenue Act of 1928, section 274 (a), which is as follows:

SEC. 274. BANKRUPTCY AND RECEIVERSHIPS.

(a) *Immediate assessment.*—Upon the adjudication of bankruptcy of any tax-payer in any bankruptcy proceeding or the appointment of a receiver for any

taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this title upon such taxpayer shall, despite the restrictions imposed by section 272(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. Claims for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appoint-ment of the receiver.

He contends that the above quoted allegation of the petition establishes that there has been the appointment of a receiver for the taxpayer in a receivership proceeding before a court of a state, and that this petition was filed with the Board after such appointment of the receiver in direct contravention of the prohibition of section 274 (a). The petitioner retorts that this is not such a receivership proceeding as section 274 (a) contemplates, but that, although called a receiver by Maryland law, the Continental Trust Company is but a trustee in dissolution and hence no more within the ambit of section 274 (a) than is the trustee in many other states where the corporation laws provide that the directors shall remain trustees in liquidation.

We are constrained, after considering the statutes involved and the arguments, to grant the motion and dismiss the proceeding. We find no compelling reasons for reading into the terms " receiver " or " receivership proceeding," as used in section 274 (a), a restriction against the application to the situation described in the petition. The Continental Trust Company is alleged to be a receiver, and an examination of article 23 of the Maryland Code indicates, we think, that its appointment occurred in a receivership proceeding. This article comprises the general corporation statute of Maryland; sections 88 to 102, inclusive, cover dissolution. Sections 88 and 89 are as follows:

88. Any corporation of this State may close its affairs and authorize a bill for its dissolution to be filed in the following manner:

A majority of the whole board of directors shall pass a resolution declaring that dissolution is advisable and calling a meeting of the stockholders or members to take action thereon. The meeting of the stockholders or members shall be duly warned in the manner provided in Section 19 of this Article. If two-thirds of all the shares (or, if two or more classes of shares have been issued, two-thirds of each class), outstanding and entitled to vote, or two-thirds of the members vote in favor of dissolution, a petition for dissolution shall be forthwith filed in the name of the corporation and on its behalf in a Court of Equity of the county or city in which its principal office is located. Whenever all of

the stockholders or members shall consent in writing to a dissolution, no meeting of stockholders or members or notice thereof shall be necessary.

89. Every such petition shall contain a statement of the reasons why the dissolution of the corporation is sought, and there shall be filed as an exhibit with it: a full and true inventory of its assets and liabilities; a list of all the stockholders, if any, their respective addresses, the number of shares belonging to each and the amount, if any, remaining due thereon; a full statement of all the incumbrances on the property of the corporation, and a full list of its creditors, with their respective addresses and the amounts due each. Such exhibit shall be verified by the oath or affirmation of some officer or stockholder of the corporation, and upon the filing of such petition accompanied by the exhibit, the court shall pass an order requiring all persons interested in the corporation to show cause by a day to be named, if any they have, why it should not be dissolved on another day to be named in said order, which said order shall be published, for such time as the court shall direct, in some newspaper published in the county or city in which such court is held; if an answer shall be filed to such petition, evidence shall be taken in the manner usual in courts of equity; if no answer is filed, or if upon consideration of the petition, answer and proof, the court shall be of opinion that no sufficient cause against a dissolution has been shown, a decree shall be entered dissolving the said corporation and appointing one or more receivers of its estate and effects, if any; and any of the directors or other officers or any of the stockholders or members of the corporation may be appointed its receivers or such other person or persons as the court may select.

Section 90 provides for a certification of the dissolution decree to the State Tax Commission.

Section 91 covers the procedure for dissolution of a corporation possessing no assets and owing no debts.

Section 92 covers the dissolution of a corporation determined or proved to be insolvent.

Section 93 prevents dissolution until the discharge of the corporation's state tax liability.

Section 94 provides, " Whenever any corporation shall be dissolved by the decree of any court of this State, its property shall vest in its receivers appointed and named therein," and then deals with fraudulent preferences, etc.

95. Upon the dissolution of any corporation of this State in any manner *otherwise than by judicial proceedings*, and until other persons shall be appointed as receivers by some court of competent jurisdiction, the directors at the time of dissolution shall become and be trustees for the creditors, stockholders and members of the corporation so dissolved. * * *

96. The dissolution of a corporation shall not relieve its stockholders or directors or other officers from any obligations and liabilities imposed on them by law; nor shall it abate any pending suit or proceeding by or against the corporation, and all such suits may be continued with such change of parties, if any, as the court in which the same are pending shall direct. No receiver shall institute suit except by order of the court appointing him; and such suit may be brought in his own name as receiver or (notwithstanding its dissolution) in the name of the corporation, to his use.

97. All defenses, including limitations and laches, may be pleaded by any stockholder of any corporation now or hereafter dissolved by judicial proceedings, as effectually as by such corporation or the receiver thereof, at any time before the final ratification of the auditor's account distributing the assets of such corporation among its creditors and stockholders.

Sections 98 to 102, inclusive, deal with forfeiture proceedings by the state.

Since it is affirmatively alleged that the petitioner's dissolution occurred in proceedings under sections 88 and 89, we may not regard the dissolution as "otherwise than by judicial proceedings" as covered by section 95. Furthermore, since, to a tribunal of special and limited jurisdiction such as this Board, jurisdictional facts may not be assumed but must be shown, we must adopt as a possible hypothesis within section 89 the belief that there has been not only the petition but also answer and proof, followed by a decree and the appointment of a receiver. Consistently with this, and also irrespective of answer and proof, we may assume that the assets of the dissolved corporation are now in *custodia legis*. Although we may lack power to decide authoritatively that the state court of equity by which the receiver was appointed is authorized or charged to determine the claim of the United States for Federal income taxes, no decision of the state court has come to our attention holding to the contrary.

Section 274 (a) of the Revenue Act of 1928 is the sequel of section 282 (a) of the Revenue Act of 1926. This earlier provision was described in the Report of the Senate Committee on Finance (69th Cong., 1st sess., Report No. 52, to accompany H. R. 1), as follows:

#### BANKRUPTCY AND RECEIVERSHIP

Section 282: During bankruptcy proceedings or State or Federal receivership proceedings, the assets of the taxpayer are placed within the control of the bankruptcy court or the court of equity in which the receivership proceedings are instituted, whenever the taxpayer has been finally adjudicated a bankrupt or the receiver has been finally appointed. If during the pendency of the bankruptcy or receivership proceeding, a proceeding is pending before the board or on appeal therefrom for the redetermination of a deficiency, the Commissioner of Internal Revenue would, despite a favorable decision for the Government, be unable to assess and distrain upon the assets under the control of the bankruptcy or equity court. The section therefore provides, in case of determination of deficiency, that if petition for redetermination therefor has not been presented to the board, the deficiency shall be assessed and the claim presented to the bankruptcy or equity court. If petition for a redetermination has been presented to the board but is not on appeal therefrom, the proceedings shall be dismissed and the deficiency assessed and claim therefor presented to the bankruptcy or equity court. If proceedings for determination of a deficiency are on appeal before the Circuit Courts of Appeal or the United States Supreme Court, the committee deems it advisable to permit these courts finally to determine the deficiency rather than dismiss the proceeding. Pend-

ing such final decision on appeal, claim for the amount of the deficiency may be presented to the bankruptcy or equity court in the amount allowed by the board, or if decision is reached by such appellate courts prior to the termination of the receivership or bankruptcy proceedings, then such claim may be modified to accord with the decision.

The bankruptcy and receivership proceedings do not foreclose any unsatisfied portion of the claim of the United States and such portion may be collected by distraint or otherwise within six years after the termination of the bankruptcy or receivership proceedings. In case the final decision on appeal from the board in a proceeding for redetermination of deficiency is reached after termination of the bankruptcy or equity proceedings, such portion of the deficiency allowed as has not already been satisfied may likewise be collected by distraint or otherwise within six years after the termination of the bankruptcy or receivership proceedings.

There is a plausible suggestion that the juxtaposition in the statute of bankruptcy and receivership indicates an intendment to restrict receiverships to such proceedings as arise from insolvency or a desire to avoid threatened insolvency. But the language which was actually used seems to defy such restriction. The difficulty of expressing a meaning for the term which is narrower than its ostensible breadth and yet broad enough to fulfill such an assumed purpose is itself enough to argue against the restriction. It requires but a cursory examination of the subject of receiverships to realize the multitude of variations in proceedings to which the term may be aptly applied. Congress, with this information readily at hand, may be presumed to have used the broad term deliberately. The intention to restrict the application of the section to particular classes of receivership proceedings, such as those related to insolvency or those resembling bankruptcy or those resulting from adversary proceedings, could have been so much more clearly expressed that we are forced to believe that Congress rejected it. This Board of course has no power to adopt a construction at variance with the meaning which the legislature apparently intended. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346.

It is no answer to say that the rule under section 274 thus is different in respect of corporations in Maryland from those in some other states where dissolution may be had without a receiver. If, as we have assumed, under the Maryland statute, the assets are in the custody and control of the court of equity and the court may entertain the government's claim, the situation is quite different from that in states where voluntary dissolution is accomplished without the intervention of a court or receiver.

This proceeding is unlike *French & Co.*, 10 B. T. A. 665, and *Clifton City Bank*, 6 B. T. A. 643. In those cases there was clearly no " receivership proceeding " pending in any court. The question was whether the Bank Commissioner of the State of Missouri and the

Superintendent of Banks of the State of Oregon were, respectively, receivers appointed by a court in a receivership proceeding within the meaning of section 282, Revenue Act of 1926. The decision whether such officers acting under their own peculiar statutes were permitted to file a petition with this Board is not controlling in respect of the petition here, which is filed by a receiver appointed by a court in what we deem to be a receivership proceeding.

The Board lacks jurisdiction, and for this reason,

*The proceeding is dismissed.*

Reviewed by the Board.

LANSDON and VAN FOSSAN dissent.