*Decision will be entered under Rule 50.*

LEON I. ROSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 175–62. Filed May 22, 1962.

*Marvin W. Weinstein, Esq.*, for the petitioner.
*Stuart E. Seigel, Esq.*, for the respondent.

#### OPINION.

TIETJENS, *Judge:* The Commissioner on February 23, 1962, filed a motion to dismiss this proceeding for lack of jurisdiction. Oral argument was had on the motion and briefs and memoranda have been submitted by the parties.

No disagreement appears as to the facts. On June 21, 1961, the respondent made jeopardy assessment against the petitioner under section 6861(a) of the 1954 Code of deficiencies in income tax, additions to tax, and interest, aggregating $2,224,675.85 for 1956, 1957, 1958, and 1959. On June 29, 1961, after notice of demand for payment, which was refused, the United States of America commenced an action against the petitioner in the United States District Court for the Southern District of New York relative to the income tax liability for these years pursuant to section 7403 of the Code. It was alleged, *inter alia*, that the petitioner had transferred assets valued at over $600,000 from New York to Canada after he became

aware of the investigation by the Internal Revenue Service. The District Court on July 28, 1961, under the authority given by section 7403(d), appointed a receiver of the petitioner's property within the United States, with all the powers of a receiver in equity. The receiver duly qualified on August 4, 1961.

The petitioner duly filed an appeal to the United States Court of Appeals for the Second Circuit from the order appointing the receiver. The Court of Appeals on May 3, 1962, affirmed, with modification not here important, the order appointing the receiver (*Ross v. United States*, 302 F. 2d 831 (1962)).

The respondent, pursuant to the requirement of section 6861(b) of the Code, mailed to the petitioner on August 17, 1961, at his address in Nassau, Bahamas, a notice of deficiency with respect to the jeopardy assessment. The petitioner on January 10, 1962, filed a petition with this Court seeking redetermination of the deficiencies determined in the notice of deficiency. It is this petition which the respondent now seeks to have us dismiss.

Section 6871 of the Code[1] treats with claims for income tax in bankruptcy and receivership proceedings. It specifically provides that "no petition for [redetermination of the deficiency by the Tax Court] shall be filed with the Tax Court after * * * the appointment of the receiver."[2] Clearly the petition filed here with this Court on January 10, 1962, was after the appointment of the re-

---

[1] It provides as follows:

SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

[2] See *Financial and Industrial Securities Corp.*, 27 B.T.A. 989, 993, which dismissed for lack of jurisdiction a petition filed by a receiver of a Maryland court of equity. It stated as follows:

"There is a plausible suggestion that the juxtaposition in the statute of bankruptcy and receivership indicates an intendment to restrict receiverships to such proceedings as arise from insolvency or a desire to avoid threatened insolvency. But the language which was

ceiver by the United States District Court on July 28, 1961. The petitioner, however, urges that Congress did not intend the above-quoted provision of section 6871 to be applicable in a situation where, as here, the receiver was appointed to enforce the liens created by a jeopardy assessment. He urges that such a conclusion would mean that the respondent could deprive any taxpayer in this situation of his right to choose whether he would litigate his tax deficiencies before the Tax Court or in the District Court of the judge who appointed the receiver. Section 7403 of the Code [3] provides for a civil action, such as was here brought in the District Court, to enforce the lien of the United States and to this end it provides that the District Court may appoint a receiver to enforce the lien. Moreover, the section provides that that court shall proceed to adjudicate all matters involved therein and finally determine the merits of all claims and liens upon the property. It is thus clear that it is the District Court which appoints the receiver and not the respondent, and that

actually used seems to defy such restriction. The difficulty of expressing a meaning for the term which is narrower than its ostensible breadth and yet broad enough to fulfill such an assumed purpose is itself enough to argue against the restriction. It requires but a cursory examination of the subject of receiverships to realize the multitude of variations in proceedings to which the term may be aptly applied. Congress, with this information readily at hand, may be presumed to have used the broad term deliberately. The intention to restrict the application of the section to particular classes of receivership proceedings, such as those related to insolvency or those resembling bankruptcy or those resulting from adversary proceedings, could have been so much more clearly expressed that we are forced to believe that Congress rejected it. This Board of course has no power to adopt a construction at variance with the meaning which the legislature apparently intended. *Bowers v. New York & Albany Lighterage Co.*, 273 U.S. 346."

See also *Louis H. Pink, Supt. of Insurance of New York*, 38 B.T.A. 182, 188, where we said: "As we have already endeavored to point out, by reason of section 274(a) we have no jurisdiction where, prior to the time of the filing of a petition with us, there has been the appointment of a receiver for the taxpayer in any receivership proceeding before any court of the United States or of any state or territory or of the District of Columbia."

[3] It provides, in pertinent part, as follows:
SEC. 7403. ACTION TO ENFORCE LIEN OR TO SUBJECT PROPERTY TO PAYMENT OF TAX.

(a) FILING.—In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary or his delegate, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(c) ADJUDICATION AND DECREE.—The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

(d) RECEIVERSHIP.—In any such proceeding, at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary or his delegate during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity.

once the matter is before the court its jurisdiction continues with regard to the entire controversy. *United States* v. *O'Connor*, 291 F. 2d 520, 525 (C.A. 2). Viewed in this light there is nothing to the petitioner's contention that the issuance of the notice of deficiency after the jeopardy assessment, as required by section 6861(b) of the statute, is a futile act. The Commissioner might never seek and the District Court might not grant the appointment of a receiver with the result that the regular course of the petition to the Tax Court would be followed, based upon the notice of deficiency.

We, therefore, conclude that the present circumstances disclose no incompatibility between the provisions of section 6861 affording the petitioner against whom the jeopardy assessment has been made, recourse to this Court, and section 6871(b) denying jurisdiction to this Court on the appointment of a receiver. The respondent's motion to dismiss for lack of jurisdiction is granted.