PER CURIAM.
This is the second appearance of this cause before us. The facts are adequately set forth in Rosenkrantz v. Hall, Fla.App.1964, 161 So.2d 673.
Upon the remand of the cause pursuant to the above opinion, the trial judge entered an amended final judgment which is now appealed by Rosenkrantz who was also the appellant on the first appeal. It is urged that the trial judge erred in discharging the lien of the appellant against the funds held by the appellee; and second, it is urged that the trial judge abused his discretion in setting the legal fee of the appellant Joseph Rosenkrantz.
In considering the first point, we must refer to the first of the orders on this subject which is dated the Sth day of January 1962, and which is set out in its entirety in footnote 2 of our opinion on the first appeal. This order provided in part:
“ * * * and the newly appearing counsel of record Saul Von Zamft, is required to preserve and protect for Frates & Fay and Joseph Rosenkrantz their charging lien on any such proceed for such amounts as may finally be determined to be payable to Frates & Fay and Joseph Rosenkrantz for services rendered, costs, expenses and other items in the premises.”
Thereafter, the trial judge entered the order which was reversed on the first appeal. That order was dated the 27th day of November 1962, and was as follows:
“THIS CAUSE coming on to be heard upon Plaintiff’s Motion to determine the Hon. Judge Crawford’s order to determine [sic] the amount of charging lien that the firm of Frates & Fay and Joseph Rosenkrantz are entitled to for the amount of moneys which later counsel of record, Saul T. *519 Von Zamft, has received in settlement of this case including a determination by this Honorable Court for Payment again of services rendered, costs advanced and other items pertaining to the case by the law firm of Frates & Fay and Joseph Rosenkrantz, and having received statement of costs, and having heard argument of counsel, it is hereby
“ORDERED and ADJUDGED as follows:
“That the aforesaid counsel of record, Frates & Fay and Joseph Rosen-krantz be hereby reimbursed in the sum of $194.40: $94.40 reimbursement for costs and $100 for advancement of moneys to the plaintiff, Carrie Lee Hall, by the Plaintiff, Carrie Lee Hall.”
In the first appeal we held: “Since the appellant and his co-counsel are obviously entitled to a fee under their charging lien, which was adjudicated by the court and never modified or reversed, we conclude that the trial judge was in error in awarding only costs to appellant.” Pursuant to that holding, the order appealed was reversed and the cause remanded to the trial judge, “to determine the amount of the fee to which the appellant would be entitled * * Thereafter, the trial judge properly determined the fee pursuant to our mandate but held regarding the charging lien as follows:
“(C) That the charging lien heretofore entered by this Court on January 5, 1962, in respect to the funds recovered by the Plaintiff, CARRIE LEE HALL and held by her attorney, SAUL T. VON ZAMFT, was discharged by this Court on its order of November 27, 1962, which was the subject of the above mentioned appeal. No super-sedeas bond was requested or filed and SAUL T. VON ZAMFT complied with the order of the Court by tendering payment as ordered at that time.”
We hold that the trial judge improperly concluded that he had discharged the charging lien of the appellant Rosen-krantz by his order of November 27, 1962, which was appealed and reversed. This order which was reversed cannot have the effect ascribed to it by the trial judge because an order which is reversed must be treated as though the order had never been rendered. See: South Florida Lumber & Supply Co. v. Read, 65 Fla. 61, 61 So. 125 (1913); Marshall & Spencer Co. v. People’s Bank of Jacksonville, 88 Fla. 190, 101 So. 358 (1924); Webb Furniture Co. v. Everett, 105 Fla. 292, 141 So. 115 (1932). In addition, the opinion of this court cited above, which must be presumed to have established the law of the case, treats the charging lien as valid and outstanding. See 2 Fla.Jur., Appeals § 398 (1963) and cases cited therein.
We have considered appellant’s second point directed to the amount of the fee set by the trial judge and we hold that no error has been demonstrated under this point.
Therefore, the amended final judgment appealed is reversed as to the holding in paragraph designated “(C)” and as to that portion of the order numbered “3”, and the cause is remanded for the entry of a second amended final judgment in accordance with the views herein expressed.
Affirmed in part and reversed in part.