SWANN, Judge.
After our mandate issued in National Union Fire Insurance Company v. Westinghouse Electric Supply Co., Fla.App.1968, 206 So.2d 60, the trial judge entered the following ex parte order although no motions for any relief had been filed.
“ADJUDGED and ORDERED that the Order Granting Motion for Partial Summary Judgment and Final Judgment heretofore entered in this cause on the 14th day of July, 1966, be and the same are hereby vacated, and this cause is dismissed with prejudice as to NATIONAL UNION FIRE INSURANCE COMPANY.”
Westinghouse filed its motion for rehearing which was denied.
Our opinion, supra, simply reversed “without directions.” In such case it has been said:
“Where a cause is reversed and remanded by the Supreme Court, with no specific directions it is to be proceeded with in the court below as if the reversed decree had never been made. Having been reversed, such decree is in effect expunged from the record.” Marshall & Spencer Co. v. People’s Bank of Jacksonville, 88 Fla. 190, 192, 101 So. 358, 359 (1924).
*437 See Webb Furniture Co. v. Everett, 105 Fla. 292, 141 So. 115 (1932); South Florida Lumber & Supply Co. v. Read, 65 Fla. 61, 61 So. 125 (1913); Rosenkrantz v. Hall, Fla.App.1965, 172 So.2d 518; 2 Fla.Jur. Appeals § 374.
In essence, our prior opinion held that “under the circumstances and record on appeal of this case,” the rule expressed in Aetna Insurance Company v. Estero Manufacturing & Building Supply, Inc., Fla.App.1965, 174 So.2d 747 applied and required a reversal of the “final judgment” entered on the “order granting motion for partial summary judgment.”
Our reversal of that “partial final summary judgment” did not authorize or direct a dismissal of the cause with prejudice as to National Union Fire Insurance Company.
The order of dismissal with prejudice is reversed and the cause remanded for further proceedings to properly determine the issues raised by the pleadings between these parties.
It is so ordered.