CONLEE CONSTRUCTION COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1278–67. Filed March 3, 1970.

*Edward A. Kaufman*, for the petitioner.
*Richard G. Holloway*, for the respondent.

OPINION

WITHEY, *Judge:* The Commissioner has determined deficiencies in the income tax of petitioner for the following fiscal years ended Octo-

ber 31 in the following respective amounts: 1960, $86,555.92; 1961, $58,224.22; 1962, $71,054.91.

By his motion to dismiss, respondent has raised the issue of the propriety and legality of petitioner's filing of a petition herein under section 6871(b) of the Internal Revenue Code of 1954.[1]

On August 10, 1966, an action was instituted in the Circuit Court for Dade County, Fla., sitting in equity, by certain stockholders of petitioner against petitioner and certain other of its stockholders praying, among other relief, for the appointment of a receiver to take over and marshall the assets of and to manage petitioner during the pendency of such litigation. On October 10, 1966, a receiver was appointed by that court for those purposes. On October 11, 1966, the order appointing such receiver was appealed and on December 22, 1966, was reversed by an opinion of the State appellate court, whose mandate of reversal was issued on December 23, 1966.

On December 12, 1966, respondent issued and served the notice of deficiency herein, having prior to that date made a jeopardy assessment.

On December 24, 1966, the plaintiffs in the State court action and appellees in the appellate court moved the lower court for further proceedings to again appoint a receiver. The lower court set January 5, 1967, for such further hearing, but no such further hearing was at any time held.

On March 13, 1967, the petition was filed herein.

The person who had been appointed receiver by the Dade County court was discharged as receiver on June 25, 1968.

Respondent contends that because the petition herein was filed subsequent to the appointment of a receiver by the County Court, this Court is without jurisdiction and must dismiss the petition.

The issue thus presented has many ramifications, but we find it necessary to decide only the issue whether section 6871(b) as enacted has application to the facts before us. If, in effect, no receiver has been appointed by the State court within the meaning of that section, it has no effect upon our jurisdiction in this case, or upon the right of petitioner to file a petition in this Court.

---

[1] SEC. 6871 (b). CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a tax imposed by subtitle A or B claims for deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceedings, or the appointment of the receiver.

The legislative history [2] of both section 6871(b) and (a) [3] indicates that in their enactment and reenactment, Congress was primarily concerned with the availability of a taxpayer's assets for distraint by the Commissioner, and the multiplicity of actions which result from the concurrent jurisdiction existing between the bankruptcy court, State courts in a receivership action, and the Tax Court. Before the original enactment thereof in 1926, Congress believed that where a bankruptcy or State court receivership action had been instituted subsequent to the filing of a petition in this Court, in case of a favorable decision to the Commissioner thereon, he would be unable to reach the assets properly in *custodia legis* in the former courts. It further believed that not only Federal bankruptcy courts but State courts had the power and were available to hear and determine Federal tax issues on their merits and with respect to the issue of liability.

There are, of course, many types of receiverships provided for under State and Federal statutes, but as we read section 6871 with the foregoing backdrop in view, the "receivership" in this case does not constitute the "receivership" referred to in the last sentence of subsection (b) of that section of the Code.

Here, in view of the appellate court reversal of the Order of the County Court appointing a receiver, it is as though the order had never come into existence. *Marshall & Spencer Co.* v. *People's Bank of Jacksonville*, 88 Fla. 190, 101 So. 358 (1924), wherein the Supreme Court of Florida stated, citing with approval the following from *Schumann* v. *Helberg*, 62 Ill. App. 218:

Where a cause is reversed and remanded by the Supreme Court, with no specific direction, it is to be proceeded with in the court below as if the reversed decree had never been made. Having been reversed, such decree is in effect expunged from the record.

To like effect see *Westinghouse Electric Supply Co.* v. *Diplomat Electric, Inc.*, 221 So. 2d 436 (Fla. Ct. App. 1969); *Rosenkrantz* v. *Hall*, 172 So. 2d 518 (Fla. Ct. App. 1965); *South Florida Lumber & Supply Co.* v. *Read*, 65 Fla. 61, 61 So. 125 (1913). We conclude from this that thereafter and retroactive to the issuance of the County Court's order

---

[2] See *Clifton City Bank*, 6 B.T.A. 643 (1922), and *Financial and Industrial Securities Corp.*, 27 B.T.A. 989 (1933), for discussions of such history.

[3] SEC. 6871 (a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

appointing a receiver no receiver, within the meaning of section 6871, existed. It follows that Congress' purpose in enacting that section at no time was involved in the State court proceeding. No officer or agent of the State court was in existence who could lawfully take possession of petitioner's assets and to whom respondent could present his claim for adjudication by any court. It also follows that the petitioner's assets were not lawfully in *custodia legis* so as to present the Commissioner with the problem of their availability for distraint upon his claimed deficiency in Federal income tax.

Respondent contends, however, largely upon the authority of *Ruby M. Williams*, 44 T.C. 673 (1965), that even though it might be held there was no valid State court receiver, a person exercising the functions of a receiver did exist subsequent to the State appellate court's reversal order, at least with the consent of petitioner, and that this is sufficient under section 6871(b) to divest this Court of jurisdiction and the taxpayer of his right to adjudication of the deficiency herein without first paying that deficiency and bringing an action for refund. We think his reliance upon that case is misplaced because it is distinguishable from this case, both as to the issue presented and upon its facts. In *Ruby M. Williams, supra*, we found that a State court proceeding existed by virtue of which that court, through an assignment for the benefit of creditors, had *custodia legis* of the assets of a taxpayer and that the proceeding was, in essence, a liquidation in nature and equivalent to a receivership technically. Here there is no "receiver" having any other lawful authority than to wind up the affairs of the office to which he had been wrongfully appointed. This we think is all he accomplished subsequent to the order of reversal of the State appellate court and only as a trustee as distinguished from a receiver. He certainly no longer possessed the legal authority to withhold possession of petitioner's assets from petitioner without its consent and we see no basis upon which he or the State court, upon proper distraint by respondent, could prevent such distraint.

Furthermore, section 6871 confers (or in a sense imposes) jurisdiction in Federal tax litigation upon State courts only when such courts have a valid receivership proceeding or its equivalent pending and under no other circumstances. We find that no such receivership proceeding was at any time pending before the Dade County, Fla., court and it follows that section 6871(b) is not applicable herein to require dismissal of petitioner's petition.

We note also that the complaint filed in the County Court did not allege that petitioner was insolvent and did not pray for a receiver to liquidate its assets, but instead prayed for a receiver to marshall its assets and manage the business of petitioner during the pendency of

litigation regarding the issue of its control. Such was the nature of the court's order appointing a receiver. Assuming the validity of such appointment, at least until the date of its reversal, is a receiver exercising such authority, the kind of receiver referred to in section 6871? We think not. His receivership, being pendente lite, was temporary in nature and envisaged the continuation of the business of a going, profitable concern, not the liquidation thereof or the distribution to creditors of its assets. Petitioner, after the termination of this litigation, was to remain in existence with all of its property intact and available for payment of its debts and tax liabilities. It does not appear to us that such a receiver would be empowered or required, in the course of managing the business of petitioner, unless specifically directed to do so by the court, to present each expense claim to the appointing court for separate adjudication, for to do so would, it seems to us, defeat the purpose of such receivership.[4] No such order was made by the Dade County Court. Taxes, including Federal income tax, would be an ordinary expense of managing a business and liability therefor and the amount thereof are not required to be litigated in the court before which this type of receivership proceeding is pending, and in the ordinary course of events, would not be. Such expenses would be accounted for only by periodic accounts rendered to the court. It follows that the ills sought to be avoided by section 6871 do not exist under the circumstances before us and we conclude that Congress, in section 6871(a), in using the phrase "any receivership proceeding" and in subsection (b), using the phrase "the receiver" did not intend thereby to divest a taxpayer of the right to have his tax litigation adjudicated in this Court under such circumstances.

Reviewed by the Court.

*The motion is denied.*

Scott, *J.*, concurs in the result.

Dawson, *J.*, concurring: I am in agreement with the majority's holding that there was no valid receiver appointed under Florida law at the time the petition was filed in the Tax Court. Since no receiver was properly appointed by the Circuit Court of Dade County, Fla., so as to qualify within the purview of section 6871, it follows that the petitioner had a right to file its petition in this Court and that we have jurisdiction to redetermine the correct amount of the deficiency. See secs. 6213 and 6214, I.R.C. 1954. However, I am concerned that the majority opinion goes further than is necessary with regard to the effect of the invalidation of the appointment of the receiver by the

---

[4] Cf. *Barton* v. *Barbour,* 104 U.S. 128 (1881) ; *Thompson* v. *Phenix Ins. Co.,* 136 U.S. 287 (1890).

Florida appellate court. That invalidation occurred in December 1966 and the petition herein was subsequently filed on March 13, 1967. In some cases the receivership proceeding in a State court may be protracted, and it may be years before the court finally determines that such proceeding was invalid. If the petition is filed with this Court while such proceeding is pending, it is not altogether clear as to whether this Court has jurisdiction. I would therefore reserve judgment as to the disposition of such a case.

Once the conclusion is reached that there was no valid receiver, I think it is unnecessary to decide, as the majority does, whether this is "the kind of receiver" or "receivership proceeding" contemplated by the provisions of section 6871(a) [1] and (b). What particularly concerns me about stating this as an alternative ground is that the majority has, without saying so, overruled the previously Court-reviewed opinion in *Financial and Industrial Securities Corp.*, 27 B.T.A. 989 (1933), where we said at page 993:

There is a plausible suggestion that the juxtaposition in the statute of bankruptcy and receivership indicates an intendment to restrict receiverships to such proceedings as arise from insolvency or a desire to avoid threatened insolvency. But the language which was actually used seems to defy such restriction. The difficulty of expressing a meaning for the term which is narrower than its ostensible breadth and yet broad enough to fulfill such an assumed purpose is itself enough to argue against the restriction. It requires but a cursory examination of the subject of receiverships to realize the multitude of variations in proceedings to which the term may be aptly applied. Congress, with this information readily at hand, may be presumed to have used the broad term deliberately. The intention to restrict the application of the section to particular classes of receivership proceedings, such as those related to insolvency or those resembling bankruptcy or those resulting from adversary proceedings, could have been so much more clearly expressed that we are forced to believe that Congress rejected it. This Board of course has no power to adopt a construction at variance with the meaning which the legislature apparently intended. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U.S. 346.

See and compare *Samuel J. King*, 51 T.C. 851, 856 (1969); and *Leon I. Ross*, 38 T.C. 309 (1962). Under the circumstances I would also reserve judgment on this thorny question for a more appropriate case.

---

[1] SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or *the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia,* any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. [Emphasis added.]

TIETJENS, TANNENWALD, SIMPSON, and STERRETT, *JJ.*, agree with this concurring opinion.