WILLIAM POLLEN AND BOBBIE POLLEN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6049-72.    Filed May 21, 1975.

*Herbert L. Zuckerman,* for petitioner Bobbie Pollen.
*William M. Gross,* for the respondent.

GOFFE, *Judge:* Respondent, on October 9, 1974, filed a motion to dismiss this case for lack of jurisdiction. At the hearing on the motion, we directed the parties to file briefs, and briefs were filed on behalf of petitioner Bobbie Pollen and respondent.

FINDINGS OF FACT

The facts are not disputed. On April 13, 1972, the Commissioner made jeopardy assessments against petitioners covering the taxable years 1965 to 1967, inclusive. On May 2, 1972, after notice and demand for payment had been made, the United States of America commenced an action against petitioners in the United States District Court for the District of New Jersey to enforce its lien for the income taxes and additions to tax covered by the jeopardy assessment. On May 12, 1972, the District Court

appointed a receiver for petitioners' property and he qualified on May 25, 1972.

On June 9, 1972, the Commissioner mailed to petitioners a statutory notice of deficiency in which he determined deficiencies in income tax and additions to tax covered by the jeopardy assessment. Petitioners filed the petition in the instant case on July 25, 1972, seeking a redetermination of the Commissioner's determination covered by the statutory notice of deficiency.

OPINION

Respondent moves for dismissal of the case, citing section 6871(b) of the Internal Revenue Code of 1954, as amended. That section precludes jurisdiction in the Tax Court invoked after appointment of a receiver.

Petitioner Bobbie Pollen argues that the case should not be dismissed because of additional facts which respondent contends are not material to the issue. She points out that she and petitioner William Pollen are no longer married and that he has remarried. William Pollen is presently incarcerated as a result of a plea of guilty to income tax evasion. The receiver has made no effort to controvert the amount of the proof of claim filed by the United States in the District Court proceeding.

Petitioner Bobbie Pollen argues that these facts should produce a different result than the result in *Leon I. Ross*, 38 T.C. 309 (1962), and she relies upon *Conlee Construction Co.*, 54 T.C. 402 (1970), and *Fotochrome, Inc.*, 57 T.C. 842 (1972).

We disagree with petitioner. The *Ross* case is in point. Her particular facts and her argument that she comes within the "innocent spouse" rule as to the fraud penalty are considerations which do not affect jurisdiction. Whether her position is being adequately presented in the District Court case likewise cannot decide jurisdiction. That court has jurisdiction, and we do not have jurisdiction because the petition filed here was filed after the receiver was appointed. *Fotochrome, Inc., supra,* is not in point because the petition in bankruptcy was filed *after* the petition was filed in the Tax Court. We held there that there was concurrent jurisdiction. *Conlee Construction Co., supra,* involved not only appointment of a receiver under State law prior to filing the Tax Court petition but also a reversal by the State Supreme Court which nullified appointment of the receiver. That case is

factually distinguishable and we are unwilling to extend the rationale of that case to cover the instant case.

*An appropriate order will be issued.*