DENNIS B. LEVINE AND LAURIE LEVINE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Levine v. Commissioner
Docket No. 40372-86.
United States Tax Court
T.C. Memo 1987-564; 1987 Tax Ct. Memo LEXIS 562; 54 T.C.M. (CCH) 1064; T.C.M. (RIA) 87564; November 10, 1987. *562 A petition was filed with this Court subsequent to the appointment of a receiver in an action commenced by the Securities and Exchange Commission against P (husband) in the United States District Court. Some, but not all, of P's (husband) assets were turned over to the receiver. Held, section 6871(c) provides that no petition for redetermination shall be filed in the Tax Court after appointment of a receiver and, accordingly, we have no jurisdiction with respect to P (husband). Held further, R's Motion to Dismiss for Lack of Jurisdiction as to P (husband) is granted. Lewis R. Clayton and Robert Ernst, for the petitioners. Theodore Kletnick, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case is heard before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction as to Petitioner Dennis B. Levine and to Change Caption. [1] *563 The issue for consideration is whether we have jurisdiction over petitioner Dennis B. Levine (hereinafter petitioner) in light of a receivership proceeding commenced against him by the Securities and Exchange Commission. Respondent issued a notice of deficiency on July 15, 1986, determining deficiencies and additions to tax against petitioners as follows: Additions to Tax
Year
Deficiency [2]
Section 6653(b)(1)
Section 6653(b)(2)
1980
$  91,143.76
$  45,571.88
---
1981
$ 115,358.21
$  57,679.11
---
1982
$ 246,953.87
$ 123,476.94
50% of interest
due on $ 246,953.87
Respondent further issued a notice of deficiency on July 16, 1986, determining deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency [3]
Section 6653(b)(1)
Section 6653(b)(2)
1983
$   946,165.05
$   473,082.53
50% of interest
1984
$ 1,071,676.83
$   535,832.42
due on deficiency
1985
$ 3,574,241.11
$ 1,787,120.56
for each year
The July 16, 1986 notice of deficiency also indicated that the deficiencies and additions with respect to the 1983 through 1985 *564 taxable years were the subject of a jeopardy assessment. A timely petition was filed with respect to both notices of deficiency. At the time of filing the petitioner herein, petitioners resided at New York, New York. The facts are not in dispute. On June 5, 1986, the United States District Court for the Southern District of New York, in Securities and Exchange Commission v. Dennis B. Levine, Diamond Holdings, S.A., International Gold, Inc., Bernhard Meier, 86 Civ. 3726 (RO) (S.D.N.Y. June 5, 1986), entered a "Final Judgment of Permanent Injunction and Other Equitable Relief as to Dennis B. Levine, Diamond Holdings, S.A. and International Gold, Inc." In this action, petitioner and other defendants were restrained and enjoined from conducting certain activities in connection with the purchase or sale of securities. By said Judgment, a receiver was appointed to take custody and control of assets held in the name of petitioner. The Judgment incorporated a Consent and Undertakings entered into by defendants. [4] In the Consent and Undertakings, petitioner agreed to facilitate a transfer of his assets to the court-appointed receiver except for certain enumerated assets. [5] Both the Judgment *565 and the Consent and Undertakings contained numerous other provisions which are not relevant herein. Upon motion brought by petitioner, the United States District Court entered an Order in September 1987 that said court would decide all tax claims that had been determined against petitioner by the Internal Revenue Service. [6]
In his motion, respondent argues that the case should be dismissed for lack of jurisdiction as to petitioner under section 6871(c)(2), which provides that no petition for redetermination *566 of a deficiency shall be filed with the Tax Court after the appointment of a receiver. While petitioner concurs that his tax claims should be resolved in the District Court proceedings, [7] petitioner argues that it is not entirely clear whether section 6871(c)(2) divests the Tax Court of jurisdiction where only a portion of the taxpayer's assets are under the control of a receiver. [8] Both parties concur that this Court has jurisdiction over petitioner Laurie Levine since she is not a party to the receivership proceeding. See Baron v. Commissioner,71 T.C. 1028 (1979). [9]
Section 6871(a) provides that upon the appointment of a receiver for the taxpayer in any receivership proceeding any deficiency may be immediately assessed. Section 6871(c) provides that (1) claims for a deficiency may be presented to the court before which the receivership proceeding is pending, despite the pendancy of the Tax Court *567 proceedings, but (2) "in the case of a receivership proceeding, no petition for any such redetermination shall be filed with the Tax Court after the appointment of the receiver." Thus, the Tax Court is without jurisdiction where a petition is filed subsequent to the appointment of a receiver. Pollen v. Commissioner,64 T.C. 261 (1975); Williams v. Commissioner,44 T.C. 673 (1965); Ross v. Commissioner,38 T.C. 309 (1962). The language of the statute is clear that it is the appointment of a receiver in a receivership proceeding which invokes the provisions of section 6871. See section 6871(c)(2). To this extent, petitioners misconstrue Jamy Corp. v. Riddell,337 F.2d 11, 13 (9th Cir. 1964). That case recognized that the appointment of a receiver prior to the filing of a petition precludes Tax Court jurisdiction. We note that section 301.6871(a)-2, Proced. and Admin. Regs., presumes that there may be situations where some, but not all, of a taxpayer's assets are under the control of a court. [10] *569 This is consistent with 11 U.S.C. section 522 (1982), which exempts certain assets in a bankruptcy proceeding, and further, is consistent with the power of the District Court to appoint a receiver *568 to disgorge some of an individual's assets in an action commenced by the Securities and Exchange Commission. See 15 U.S.C. Section 78u (1982); Securities and Exchange Commission v. Manor Nursing Centers, Inc.,458 F.2d 1082, 1105 (2d Cir. 1972); Securities and Exchange Commission v. S & P National Corp.,360 F.2d 741, 750 (2d Cir. 1966). Certainly section 6871(c) does not contemplate that we should examine, for purposes of determining whether we have jurisdiction over a taxpayer, the extent of the assets under the control of the receiver or the bankruptcy court. Accordingly, we apply the clear and unambiguous language of the statute which provides that it is the appointment of a receiver which invokes the prohibition of the filing of a petition with this Court. For the reasons set forth herein, respondent's Motion to Dismiss for Lack of Jurisdiction as to Petitioner Dennis B. Levine and to Change Caption will be granted. An appropriate order will be issued.
Footnotes
1. This case was heard pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. 2. The notice of deficiency limited the liability of petitioner Laurie Levine to the underlying deficiencies and thus the additions to tax were not determined against her. ↩
3. See note 2.↩
4. The document is entitled "Consent and Undertakings of Dennis B. Levine, Diamond Holdings, S.A. and International Gold, Inc." The document is captioned in the same District Court action and is executed by Dennis B. Levine in his individual capacity and in his capacity as beneficial owner of Diamond Holdings, S.A. and International Gold, Inc. ↩
5. Such enumerated assets included, among other things, petitioner's cooperative apartment, including personal property and furnishings, and his automobile. ↩
6. Securities Exchange Commission v. Dennis B. Levine, et al.,↩ 86 Civ. 3726 (RO) (S.D.N.Y. September 15, 1987) (order granting motion to establish that District Court will hear tax claims). 7. It was petitioner who moved the District Court to issue an order providing that said court would consider the Federal Income tax liabilities. ↩
8. As previously discussed, certain assets were exempted from the receivership proceeding.↩
9. See also Gurley v. Commissioner,T.C. Memo. 1966-52↩. 10. Section 301.6871(a)-2, Proced. and Admin. Regs., provides as follows: Collection of assessed taxes in bankruptcy and receivership proceedings. - (a) During a proceeding under the Bankruptcy Act [11 U.S.C. chs. 1-14] or a receivership proceeding in either a Federal or State court, generally the assets of the taxpayer are under the control of the court in which such proceeding is pending, and the collection of taxes cannot be made by levying upon such assets. However, any assets which under applicable provisions of law are not under the control of the court may be subject to levy.↩ See paragraph (b) of this section and section 301.6871(b)-1 with respect to claims for such taxes. See section 6873 with respect to collection of unpaid claims. [Emphasis added.]